UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 22-4174-MWF (PVCx)**                                    Date:  June 28, 2022

Title      **G&L 436 Bedford, LLC v. Christopher Vonschlobohm et al.**

Present: The Honorable:   **MICHAEL W. FITZGERALD, United States District Judge**

| Rita Sanchez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE**

On June 27, 2022, Defendants Christopher Vonschlobohm, Susan Evans, M.D., and Winston Spell (collectively, "Removing Defendants") filed a Notice of Removal ("NoR"), removing this case from Los Angeles Superior Court.  (*See* NoR (Docket No. 1)).

As an initial matter, the NoR did not include the required copy of the Complaint filed in Los Angeles Superior Court.

Additionally, a fourth defendant is named in this action:  Winchrist Prime, LLC, a Utah limited liability corporation.  Winchrist Prime, LLC did not join the Removing Defendants in the NoR, and the NoR does not indicate Winchrist Prime, LLC's consent to removal.

Where there are multiple defendants in a case, "'[a]ll defendants must join in a removal petition.'"  *Longacre v. Meyers*, 744 F. App'x 452, 453 (Mem) (9th Cir. 2018) (quoting *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (modification in original).  The NoR is therefore procedurally defective because Winchrist Prime, LLC did not join in the removal.  *See Law Offices of Kristina Wildeveld and Assocs. v. Hurst*, CV 21-3122 JAK (AGRx), 2021 WL 2822399, at *4 (C.D. Cal. July 7, 2021) (citing *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 22-4174-MWF (PVCx)**                                    Date:  June 28, 2022

Title   **G&L 436 Bedford, LLC v. Christopher Vonschlobohm et al.**

    Next, individual litigants may represent themselves pro se, but corporations and associations must be represented by counsel.  *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated association); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (corporations).  In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants).  A partner may not represent his or her own interest in a partnership pro se, and a sole shareholder may not represent a corporation.  *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (shareholder).

    In other words, Winchrist Prime, LLC, must also consent to the removal and must be represented by a lawyer.

    Accordingly, Removing Defendants are **ORDERED** to file with the Court a copy of the Complaint filed in Superior Court no later than **July 8**, **2022**.  By that same date, Removing Defendants must also obtain the consent of Winchrist Prime, LLC, to the removal of this action to federal court.  Winchrist Prime, LLC, may not appear in this action without an attorney.  If the Complaint is not filed or the consent of Winchrist Prime, LLC, is not filed by a lawyer by that date, then this action will be remanded to Los Angeles Superior Court.

    IT IS SO ORDERED.