UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES – GENERAL

Case No.   **CV 22-4174-MWF (PVCx)**                Date:  July 20, 2022

Title          **G&L 436 Bedford, LLC v. Christopher Vonschlobohm et al.**

Present:  The Honorable:     MICHAEL W. FITZGERALD, United States District Judge

| Rita Sanchez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT**

On June 28, 2022, the Court issued an Order to Show Cause ("OSC") directing Defendants to lodge a copy of the original Superior Court Complaint as well as obtain and file the consent to removal of Defendant Winchrist Prime, LLC. (Docket No. 7).  The OSC warned that failure to respond to the OSC by July 8, 2022 would result in the action being remanded to Los Angeles Superior Court. (*See id.*).

Defendants failed to respond to the OSC.  However, on July 13, 2022, Defendants Christopher Vonschlobohm, Susan Evans, M.D., and Winston Spell filed a Motion to Dismiss accompanied by a Request for Judicial Notice ("RJN"). (Docket Nos. 15, 16).  In conjunction with the RJN, Defendants submitted the underlying Complaint for unlawful detainer.  (*See* RJN at 3–5).

The Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court cannot properly assert jurisdiction over this matter because the matter does not arise under federal law.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 22-4174-MWF (PVCx)**                    Date:  July 20, 2022

Title        **G&L 436 Bedford, LLC v. Christopher Vonschlobohm et al.**

the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted).  Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

Plaintiff's Complaint contains a single state law claim for unlawful detainer, and  Defendants do not contend federal question jurisdiction exists.

Furthermore, the Court cannot properly assert diversity jurisdiction over this matter.  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  For purposes of establishing diversity jurisdiction, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith, and only if "it is 'apparent to a legal certainty' on the face of [a complaint] that [plaintiff] cannot recover that amount" will diversity jurisdiction be destroyed.  *Amendt v. Lexington Ins. Co.*, 246 Fed App'x 437, 438 (9th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Here, Defendants contend that removal is made pursuant to 28 U.S.C. § 1332." (*See* NoR (Docket No. 1) ¶¶ 6–10).  But the Complaint specifically notes that the action is a "Limited Civil Case" and the amount demanded "does not exceed $10,000.00."  (RJN at 3).  To the extent that Defendants are attempting to remove the action based upon diversity jurisdiction, Defendants have made no attempt to prove to a legal certainty that the amount in controversy exceeds $75,000.00.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court.

IT IS SO ORDERED.